**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Danny VEAL, Defendant—Appellant.**

No. 04–10271.

D.C. No. CR–02–00427–DFL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2005.

Submission Deferred May 4, 2005.

Resubmitted June 20, 2005.

Decided July 1, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jodi B. Rafkin, U.S. Attorney Office, Sacramento, CA, for Plaintiff–Appellee.

Quin Denvir, Quin Denvir, Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM*

Defendant–Appellant Danny William Veal appeals his convictions of interstate stalking, 18 U.S.C. § 2261A, and interstate violation of a protection order, 18 U.S.C. § 2262. Veal contends that the evidence was insufficient to secure his convictions. In addition, Veal disputes his sentence on Sixth Amendment grounds and argues that the district court erroneously applied a "pattern of activity" sentencing enhancement.

We have jurisdiction, and we affirm Veal's conviction. With respect to Veal's sentence, we issue a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

■ We review de novo the district court's denial of Veal's motion for acquittal based on insufficiency of the evidence. *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002). There is sufficient evidence to support a conviction "if, after

---

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Manion,* 339 F.3d 1153, 1157 (9th Cir.2003) (internal quotation marks omitted).

We conclude that there was sufficient evidence in the record for a rational trier of fact to conclude that Veal engaged in interstate travel with the intent to kill, injure, harass, or intimidate a minor child, and in doing so, placed the child in a reasonable fear of death or serious bodily injury. 18 U.S.C. § 2261A. Veal visited the school where he believed the child was in attendance. He delivered a note addressed to the child's teacher, along with a picture of the child and a pair of children's socks. The child stated that she was afraid that Veal might either kidnap or kill her. We conclude that there is sufficient evidence to uphold Veal's conviction of interstate stalking, in violation of 18 U.S.C. § 2261A.

█ The evidence is also sufficient to support Veal's conviction of interstate violation of a protection order. *See* 18 U.S.C. § 2262. Based on our careful review of the record, we conclude that there is sufficient evidence for a trier of fact to find that Veal crossed a state line with the intent to violate a protection order and subsequently violated that order. There is sufficient evidence for a trier of fact to find that Veal's visit to the school constituted an attempt to contact and send messages to the child and her family, which the protection order squarely prohibited. In addition, the school Veal visited was a place of work for the child's mother, and Veal's visit also violated the protection order's command that he stay away from the mother's places of work.

The district court did not err in enhancing Veal's sentence for engaging in "a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim." U.S.S.G. § 2A6.2(b)(1)(D).

█ Since Veal did not challenge his sentence on Sixth Amendment grounds at trial, we review this contention for plain error. *Ameline,* 409 F.3d at 1077–78. The record is unclear as to whether the district court would have imposed a materially different sentence if it had applied the guidelines as advisory rather than mandatory. We grant a limited remand for such a determination. *Ameline,* 409 F.3d at 1084–85.

Conviction AFFIRMED; Sentence REMANDED.